UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ASHLEY ATKINS,
     Plaintiff,

vs.                               Case No.:  3:26cv735/TKW/ZCB

WALMART, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff proceeds *pro se* and *in forma pauperis* in this employment discrimination action.  After performing its screening duties under 28 U.S.C. § 1915(e)(2)(B), the Court identified several deficiencies in Plaintiff's second amended complaint (Doc. 11) and ordered Plaintiff to correct those deficiencies by filing a third amended complaint.  (Doc. 12).  Plaintiff has now filed a third amended complaint.  (Doc. 13).

The Court must screen the third amended complaint to determine if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from immune defendants.  28 U.S.C. §

1915(e)(2)(B).  Because the third amended complaint fails to state a claim on which relief may be granted, this case should be dismissed.[1]

## I.    The Allegations in the Third Amended Complaint[2]

The third amended complaint lists two Defendants:  (1) Walmart and (2) Walmart Associates Inc. ("Walmart Associates").   Plaintiff's claims arise from his time as an employee of the Walmart at 1525 E. Nine Mile Road in Pensacola.  (Doc. 13 at 2-5).

Plaintiff worked for Walmart Associates from April 2022 to April 2025.  During this employment, Walmart Associates subjected Plaintiff to "severe sexual harassment" and "defamation."  (*Id.* at 5).  Plaintiff reported these actions to Walmart on multiple occasions but was ignored.  Rather than investigating, Walmart Associates began a "fury pattern [of] retaliation" and subjected Plaintiff to "unwarranted discipline."  (*Id.* at 5-6).

---

[1] Plaintiff has been provided multiple opportunities to amend after the Court identified and explained deficiencies in his prior pleadings.  (Docs. 10, 12).  But the third amended complaint still contains deficiencies.  *See Horton v. Gilchrist*, 128 F.4th 1221, 1222 (11th Cir. 2025) (stating that ordinarily, a *pro se* "plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action").

[2] Plaintiff's allegations are assumed true at this stage.  *DeVillier v. Texas*, 601 U.S. 285, 288 n.1 (2024).

Plaintiff was terminated on April 10, 2025. Plaintiff claims Defendants "falsely stated reason 'respect for the individual'" is a pretext because "others who violated policy weren't terminated but applauded." (*Id.* at 6). After Plaintiff was terminated, Defendants "change[d] statements that was submitted to third parties and federal parties which also said the statements were false and defamed." (*Id.*). Plaintiff suffered damages and emotional distress as a result.

Plaintiff asserts five counts against Defendants. Count 1 is a wrongful termination claim under 42 U.S.C. § 2000e-2(a)(1) on grounds of "discriminatory behavior and illegal complaints." (*Id.* at 6). Count 2 is a retaliation claim under 42 U.S.C. § 2000e-3(a) for Plaintiff being terminated after engaging "in a protected activity [of] reporting the oppositional activity of sexual harassment and treatment." (*Id.*). Count 3 is a sexual harassment hostile work environment claim under 42 U.S.C. § 2000e-2(a) and 29 C.F.R. § 1604.11(a)(3) for Defendants subjecting Plaintiff to "sexual comments, advances, and sexual defamation" and failing to take corrective actions. (*Id.* at 7). Count 4 is a disparate treatment claim under 42 U.S.C. § 2000e-2(a) and 29 C.F.R. § 1607.11 for Defendants subjecting Plaintiff to "intentional isolation and silencing to

3

shift blame" and conceal "their misconduct." (*Id.*).  And Count 5 is a defamation claim under Fla. Stat. §§ 836.01, 836.05 for Defendants publishing "injurious false statement to third parties, federal agencies, and fabricated records to" Plaintiff.[3]  (*Id.*).

For relief, Plaintiff seeks compensatory damages, punitive damages, front and back pay, re-employment, and recognition of Plaintiff's key role with Defendants.  (*Id.* at 11-12).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility means

---

[3] This is a common law defamation claim because Plaintiff has no cause of action under the cited statutes.  *See Turner v. Charter Schs. USA, Inc.*, No. 18-24005-CIV, 2020 WL 620392, at *14 n.14 (S.D. Fla. Jan. 14, 2020) (concluding Fla. Stat. § 836.01 "is a criminal statute that does not give rise to a civil cause of action"), *adopted*, 2020 WL 924253 (S.D. Fla. Feb. 26, 2020), *aff'd* 828 F. App'x 541 (11th Cir. 2020); *Heinrich v. Cap. One Bank*, No. 24-60958-CIV, 2025 WL 3229990, at *6 (S.D. Fla. Mar. 24, 2025) ("[N]o violation of Section 836.05, the statute which creates the crime of extortion[,] gives rise to a civil cause of action." (cleaned up)).

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

Whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (cleaned up). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (cleaned up). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.  Discussion

**A. The third amended complaint fails to plausibly allege any federal claims for relief.**

Plaintiff's brief, vague, and conclusory allegations are insufficient to plausibly allege a federal claim for relief against Defendants. As the Supreme Court has made clear, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Yet that is all Plaintiff has provided in the third amended complaint.

Plaintiff's vague assertions about sexual harassment, a hostile work environment, retaliation, and false statements made at unspecified times and by unspecified individuals—while providing little to no factual detail to support any of these allegations—do not suffice. *See Iqbal*, 556 U.S. at 678 (stating that "naked assertions devoid of further factual enhancement" are not sufficient to satisfy the plausibility standard (cleaned up)); *see also Moore v. San Carlos Park Fire Prot. & Rescue*, 808 F. App'x 789, 797 (11th Cir. 2020) ("[T]he allegations in the complaint are so vague that it is practically impossible for a court to determine whether Moore's claims that she was suspended, demoted, and constructively discharged are sufficiently related to any of the vague factual allegations of discrimination . . . . Without connecting names or dates to each incident, we cannot determine who committed the acts or when they were committed.").

Although *pro se* complaints are to be liberally construed, it is not the Court's role to "act as de facto counsel or rewrite an otherwise

deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Since the third amended complaint contains nothing but vague and conclusory allegations, Plaintiff fails to plausibly allege any federal claims for relief. *See Iqbal*, 556 U.S. at 678 (noting that Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (cleaned up)).

Because Plaintiff has not corrected the deficiencies previously identified and has provided only vague and conclusory allegations, the federal claims in Plaintiff's third amended complaint should be dismissed for failure to state a claim. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (affirming dismissal and denial of leave to amend where *pro se* plaintiff "already had been given an opportunity to correct his pleadings" and stating that "[t]here is no indication that, given a third bite at the apple, [the plaintiff] would correct the numerous deficiencies in his complaint").

## B. Supplemental jurisdiction should be declined over Plaintiff's state law claims.

If the federal claims in Plaintiff's third amended complaint are dismissed as discussed above, then the remaining claims would be the

7

state law claims.  (Doc. 13 at 7).  A district court may decline to exercise supplemental jurisdiction over state law claims when it has "dismissed all claims over which it has original jurisdiction."[4]  28 U.S.C. § 1367(c)(3).

A court's decision "to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  The Eleventh Circuit has "encouraged" district courts to exercise that discretion and decline supplemental jurisdiction when "the federal claims have been dismissed prior to trial."  *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).  Thus, a court "will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed."  *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 866 (11th Cir. 2022).  The stage of the federal proceedings is important, with the "preference for declining supplemental jurisdiction" being "particularly strong when the federal claims have dropped out of the lawsuit in its early stages."  *68V BTR*

---

[4] The third amended complaint invokes 28 U.S.C. §§ 1331, 1367(a) as the bases of jurisdiction.  (Doc. 13 at 4).

*Holdings, LLC v. City of Fairhope*, 737 F. Supp. 3d 1222, 1239 (S.D. Ala. 2024).

Considering that the current case is in its infancy, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims if the federal claims are dismissed as recommended. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025) ("[I]f the district court has dismissed all claims over which it has original jurisdiction . . . supplemental jurisdiction persists, [but] the district court need not exercise it:  Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

## IV.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The federal claims in Plaintiff's third amended complaint (Doc. 13) be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

2.    Supplemental jurisdiction over Plaintiff's state law claims be declined and such claims **DISMISSED without prejudice** to Plaintiff pursuing them in state court

3.    The Clerk of Court be directed to enter judgment accordingly

and close the case.

At Pensacola, Florida, this 13th day of March 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

10